ON SUPERVISORY WRITS TO THE SIXTH JUDICIAL DISTRICT COURT, PARISH OF MADISON
PER CURIAM:
11 Writ granted in part. The District Attorney for the Sixth Judicial District is ordered to inform relator whether the public records relator has requested still exist, and if they do exist to provide relator with an estimate of the costs of reproducing them. La. Const. art. XII, § 3; La.R.S. 44:31; La.R.S. 44:31.1; State ex rel. Barbee v. State, 10-0275 (La. 2/4/11), 57 So.3d 318. In all other respects, the application is denied.
Relator has fully litigated five previous applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive .filings mandatory. Relator’s previous claims have been fully litigated in accord with La.C.Cr.P. art. 930.6, and their denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral preview. The district court is ordered to record a minute entry consistent with this per curiam.